*CLOSED*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMONITA DIAZ, | : |
| Plaintiff, | : Civil Action No. 10-392 (SRC) |
| v. | : **OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Ramonita Diaz ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act") prior to March 28, 2009. This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision is not supported by substantial evidence and is hereby **VACATED** and **REMANDED**.

In brief, in this case, at step four, the ALJ found both exertional and non-exertional limitations,[1] accompanied by no past relevant work history, and so the evaluation process correctly proceeded to step five. At step five, the ALJ consulted the Medical-Vocational

---

[1] As to non-exertional limitations, the ALJ adopted the opinion of a consultative examiner, who found "moderate limitations in activities of daily living and in maintaining concentration, persistence or pace." (Tr. 20.) The ALJ stated that the examiner's opinion "is construed as a limitation to unskilled work." (Tr. 21.)

Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy. The ALJ found that, under these Guidelines, there were a significant number of jobs in the national economy that Plaintiff can perform. Based on this finding alone, the ALJ concluded that Plaintiff was not disabled during the period at issue.

On appeal, Plaintiff notes that, under Third Circuit law, the ALJ may rely on the Guidelines exclusively only in the absence of any non-exertional limitations:

> [T]he Commissioner cannot determine that a claimant's nonexertional impairments do not significantly erode his occupational base under the medical-vocational guidelines without either taking additional vocational evidence establishing as much or providing notice to the claimant of his intention to take official notice of this fact (and providing the claimant with an opportunity to counter the conclusion).

Sykes v. Apfel, 228 F.3d 259, 261 (3d Cir. 2000). The ALJ relied on the Guidelines alone despite the presence of non-exertional limitations, having concluded that "the additional limitations had little or no effect on the occupational base of unskilled light jobs." (Tr. 22.) Thus, the ALJ did precisely what, in Sykes, the Third Circuit said was impermissible: he determined that the claimant's nonexertional impairments did not significantly erode her occupational base under the medical-vocational guidelines without either taking additional vocational evidence establishing this or providing notice to the claimant of his intention to take official notice of this fact (and providing the claimant with an opportunity to counter the conclusion). See also Hall v. Comm'r of Soc. Sec., 218 Fed. Appx. 212, 216 (3d Cir. 2007) ("The ALJ's use of the grids despite the presence of nonexertional impairments is directly contrary to our holding in *Sykes*.")

The Commissioner's responsive brief completely misses this point. The brief overlooks the crucial fact that the ALJ found non-exertional limitations at step four.

The ALJ's determination at step five clearly violated Third Circuit law. The Commissioner's decision is not supported by substantial evidence, and it will be vacated and remanded to the Commissioner for further proceedings in accordance with this opinion.

For these reasons,

**IT IS** on this 15th day of December, 2010

**ORDERED** that Plaintiff's appeal be and hereby is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision in this matter is **VACATED** and this case is **REMANDED** to the Commissioner for further proceedings in accordance with this Order.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.